UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARISTEO SIERRA PARRA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | No.  2:14-cv-2062 CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2009 conviction in the Sacramento County Superior Court for second degree murder and assault with a deadly weapon (Cal. Penal Code § 187(a); 254(A)(1)), for which he was sentenced to a state prison term of 19 years to life. (ECF No. 1 at 9.)  The court has examined its records and finds that petitioner challenged this same conviction in an earlier action, Parra v. McDonald, 2:12-cv-0335 EFB P (E.D. Cal.), which was dismissed for untimeliness on December 4, 2012.

A petition is second or successive if it makes "claims contesting the same custody imposed by the same judgment of a state court" that the petitioner previously challenged, and on which the federal court issued a decision on the merits.  Burton v. Stewart, 549 U.S. 147, 153

1

(2007).  A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason.  See Slack v. McDaniel, 529 U.S. 473, 485–487 (2000).  However, in McNabb v. Yates, 576 F.3d 1028,1030 (9th Cir. 2009), the Ninth Circuit held that dismissal of a habeas petition for failure to comply with the AEDPA statute of limitations renders subsequent petitions challenging the same conviction successive.  Because petitioner's prior federal habeas petition was dismissed for untimeliness, the instant petition is successive.

Before filing a second or successive petition in district court, a petitioner must obtain from the appellate court "an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Without an order from the appellate court, the district court is without jurisdiction to consider a second or successive petition.  See Burton, 549 U.S. at 152, 157.  As petitioner offers no evidence that the appellate court has authorized this court to consider a second or successive petition challenging his 2009 conviction, this action should be dismissed for lack of jurisdiction.

Accordingly, IT IS HEREBY ORDERED THAT:

1. All pending motions are denied as moot; and

2. The Clerk of Court is directed to assign a district judge to this action.

IT IS HEREBY RECOMMENDED THAT:

1. The petition be dismissed for lack of jurisdiction; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections

////

////

////

within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 10, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / parr2062.succ_sol